UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 5:21-112-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CHRISTOPHER GABRIEL ALLEN-SHINN (01) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a letter filed by Defendant Christopher Gabriel Allen-Shinn ("Allen-Shinn") requesting "copies and/or typed transcriptions of the video recording(s) of [his] interview with AFOSI agents in [his] residence on Friday, April 16, 2021." Record Document 142 at 1. Allen-Shinn requests this video to prepare his 28 U.S.C. § 2255 petition. *See id.* The Government opposes this motion, arguing Allen-Shinn "is not entitled to discovery before he files a § 2255 motion." Record Document 146 at 1.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Pursuant to Rule 6(a)-(b) of the Rules governing § 2255 proceedings for the United States District Courts, "[a] judge may, for good cause, authorize a party to conduct discovery," but the "party requesting discovery must provide reasons for the request." "A petitioner demonstrates good cause under Rule 6(a) where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014) (ellipsis in original) (quotations omitted), *as revised* (Sept. 2, 2014).

Further, district courts in this circuit have routinely found that where a defendant "has already been tried and convicted and has no pending § 2255 motion before the Court, there is no procedural basis for [a] [] Motion for Discovery and it must be denied." *United States v. McNair*, No. 00-CR-89, 2011 WL 2194015, at *1 (S.D. Miss. June 6, 2011); *see also Hudgens v. United States*, No. 18-CR-0573, 2020 WL 6683127, at *2 (N.D. Tex. Nov. 12, 2020) ("Here, there is no pending § 2255 motion, so Defendant's motion for discovery must be denied."); *United States v. Keelen*, No. 14-CR-131, 2024 WL 278920, at *2 (E.D. La. Jan. 25, 2024) ("[B]ecause there is no pending § 2255 proceeding and Keelen's request is based on his intention to seek such relief at some point in the future, Keelen's motion for production . . . is denied."); *United States v. Cole*, No. 09-CR-004, 2012 WL 13088780, at *2 n.3 (N.D. Tex. Apr. 17, 2012) ("Defendant continues to complain that he needs additional documents to prepare his § 2255 motion. However, he is not entitled to discovery prior to filing a § 2255 motion.").

Here, Allen-Shinn has not yet filed a § 2255 motion. Consequently, he is not entitled to the requested discovery at this juncture. The Court further finds Allen-Shinn has failed to demonstrate good cause. He requests production of the video and/or a transcript because he is "presently preparing [his] 28 U.S.C. § 2255 petition" and "need[s] to review the [] requested materials at the earliest possible time." Record Document 142 at 1. This explanation plainly fails to satisfy the "good cause" standard because it does not set forth "specific allegations" that "show reason to believe that [Allen-Shinn] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Fields*, 761 F.3d at 478 (ellipsis in original).

2

For the foregoing reasons, Allen-Shinn's letter request for the production of a video recording and/or transcript of an April 16, 2021, interview [Record Document 142] is **DENIED**. *See United States v. Hankton*, No. 12-CR-01, 2024 WL 405048, at *2 (E.D. La. Feb. 2, 2024) ("Critical to Mr. Hankton's motion for production, though, he has not instituted a § 2255 proceeding. Thus, even if his request satisfied the Rule 6(a) 'good cause' requirement, . . . the Court has no authority to grant his request for discovery under Rule 6(a)."). Once Allen-Shinn has filed a § 2255 motion into the record, he may again seek discovery of the video and/or a transcript upon a showing of good cause for such discovery.

**THUS DONE AND SIGNED** this 12th day of November, 2025.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE